HARDY, Judge.
This is an action ex delicto for damages to person and property resulting from an automobile collision. After trial there was judgment in favor of plaintiff and against the defendant, Jesse Haskell, and further judgment rejecting her demands against Isiah Brown. From the latter part of the judgment the plaintiff has appealed.
The issues presented in this case are purely factual. Immediately prior to the accident plaintiff was driving her 1950 pickup truck east on Hollywood Avenue in the City of Shreveport and was followed by a 1955 Mercury Sedan owned and operated by defendant Haskell, which, in turn, was followed by a 1953 Chevrolet Sedan owned by the defendant, Isiah Brown, and driven by his twenty year old minor son, Mathew Brown. According to the testimony of young Brown, after making proper observation for approaching traffic both to the front and rear, he pulled into the north lane of Hollywood Avenue with the intention of passing the two vehicles ahead of him; as he was passing the Haskell car the driver turned sharply to his left, striking the right side of the Brown car and throwing it out of control; before Mathew Brown could regain control of his car it collided forcibly with1 plaintiff’s truck, causing the damage to the vehicle and the personal injuries for which plaintiff seeks redress.
Examination of the testimony of the plaintiff leads to the definite conclusion that she knew nothing about the facts relating to the accident, and, accordingly, her testimony throws no light on the occur *660 rence of the collision. Plaintiff’s testimony in this respect may be summed up by quoting the following question and answer:
“Q. What was the first you knew of any impending accident?
“A. Nothing until he hit me, because there wasn’t anything behind and nothing in front of me.”
The other defendant, Haskell, made no appearance in the case and judgment was rendered against him by default.
The argument in support of plaintiff’s position with respect to the negligence of young Brown is primarily predicated upon certain physical circumstances. However, we are of the opinion that these circumstances lead, at best, to speculative and conjectural conclusions and are not of sufficient weight or certainty to overcome the testimony of Mathew Brown, which we find to be definite, consistent and convincing.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.